IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Daniel Lee and all others Similarly situated, | ) ) ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| Ocwen Loan Servicing, LLC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW**, the Plaintiff, Daniel Lee, by and through the undersigned counsel and files this Class Action Complaint against the above named Defendant, showing the Court as follows:

## INTRODUCTION

1.

This action seeks redress for collection practices utilized by Defendant Ocwen Loan Servicing, LLC. (hereinafter "Defendant Ocwen or "Defendant") that violate the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692(e) and §1692g(a)(2) by not identifying the true creditor in an attempt to collect a debt.

## PARTIES AND SERVICE

### 2.

Plaintiff Daniel Lee is a natural person the subject of the dispute complained about herein and is currently a resident of Gwinnett County, Georgia.

### 3.

Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt in default allegedly owed to another, that was for personal, family or household purposes, to wit, residential mortgage debt incurred to finance the purchase of Plaintiff's primary residence.

### 4.

Defendant Ocwen is a limited liability company organized and existing under the laws of the state of Delaware and is engaged in the business of collecting on promissory notes in default for "creditors" as defined in the FDCPA.

### 5.

Defendant Ocwen is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business, the principal purpose of which, is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6.

Defendant Ocwen may be served with a copy of the summons and complaint by leaving a copy with its registered agent for service, Corporation Service Company located at 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

7.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k(d).

8.

Venue in this court is proper in that defendant directed its collection efforts into the Northern District of Georgia and the named Plaintiff resides within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

9.

On or about July 10, 2013 Plaintiff received an initial communication letter and debt validation letter sent pursuant to 15 U.S.C. § 1692(g) in the mail from Defendant Ocwen (hereinafter "Letter"). A true and correct copy of the Letter is attached hereto as Exhibit "A".

10.

The Letter advised the Plaintiff that the current creditor [1] is MASTR 2004-HE1.

11.

Plaintiff admits he is in default, as that term is defined in the note, on his residential mortgage loan.

12.

Plaintiff denies he owes a debt to MASTR 2004-HE1, as stated in the Letter.

13.

As a direct and proximate result of Defendant's misidentification of the creditor in the Letter, Plaintiff has had to hire legal counsel and incur additional fees and expenses to identify the true creditor.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint and incorporates the same herein by this specific reference as though set forth herein in full.

---

[1] 15 USC § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15.

15 U.S.C. § 1692(e) states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

16.

By mis-identyfing the creditor in the Letter Defendant used a false, deceptive, or misleading representation or means in connection with the collection of the Plaintiff's debt in violation of 15 U.S.C. § 1692(e).

17.

15 USC § 1692g(a)(validation of debts) requires a debt collector within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## 18.

Defendant Ocwen failed to identify the true creditor in the Letter in violation of 15 USC § 1692g(a)(2).

## 19.

By reason of the conduct alleged herein, Defendant violated the FDCPA and is liable to the Plaintiff for actual damages and statutory damages of up to one thousand dollars ($1,000) per violation pursuant to 15 U.S.C. 1692k *et seq*.

## COUNT II
## CLASS ALLEGATIONS

## 20.

The named Plaintiff and others similarly situated to him repeat and reallege the allegations in the preceding paragraphs of this Complaint and incorporate the same herein by reference as though set forth herein in full.

21.

Plaintiff brings this claim on behalf of a proposed class, consisting of:

(a) all "consumers" as defined in the FDCPA;

(b) that were sent a letter in connection with the collection of debt identical to or

substantially similar to Exhibit "A" from Defendant Ocwen;

(c) that failed to identify the true "creditor" as defined in the FDCPA;

(d) to an address in the United States;

(e) on or before a date one year prior to the filing of this complaint.

22.

Plaintiffs seek class action certification and are authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

23.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

24.

Upon information and belief there are more than one thousand (1,000) members of the proposed class.  More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

25.

The claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

26.

The claims of class representative Daniel Lee are typical of the claims of the proposed class.

27.

The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) and §1692(g)(a)(2) by failing to disclose the identity of the true creditor as defined in the FDCPA.

28.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

29.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

30.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

31.

Plaintiff has retained counsel with experience in complex litigation and consumer protection statutes.

32.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

33.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

34.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect

to the class as a whole.

## DEMAND FOR TRIAL BY JURY

35.

Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a.  actual damages for the Plaintiff in any amount to be determined by the enlightened consciousness of a jury;

b.  statutory damages for the Plaintiff and each member of the class;

c.  attorney's fees, litigation expenses and costs of suit; and

d.  such other or further relief as the Court deems proper.

   Respectfully submitted this 13th day of January, 2014

/s/ Harlan S. Miller
Harlan S. Miller, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309

/s/ Stephen L. Minsk
Stephen L. Minsk, Esq.
State Bar No. 511366
P.O. Box 720023
Atlanta, GA  30328
404-647-9910 Telephone

Attorney for Plaintiffs
stephenminsk@minsklaw.com

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: January 14, 2014.

/s/ Harlan S. Miller, III
Harlan S. Miller, Esq.
Of Counsel
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309