**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DANIEL LEE and all others similarly situated, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § | 1:14-CV-00099-TCB-LTW |
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Defendant. | § § | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST
AMENDED CLASS ACTION COMPLAINT
BY DEFENDANT OCWEN LOAN SERVICING, LLC**

Plaintiff Daniel Lee ("Lee") is desperate to have this Court believe that MASTR 2004-HE1 (the "Trust") is not the "creditor" of his loan and that Ocwen, as servicing agent for the Trust and an alleged "debt collector" as defined by the FDCPA, misrepresented the Trust's status as his "creditor" and misstated amounts due under his loan in alleged violation of the FDCPA. Lee's most recent filings are merely the latest dilatory tactics being used to try to continue avoiding foreclosure, so that he can keep living rent free in his residential property, while avoiding his lawful mortgage obligations. Lee's motives are transparent and improper.

In his Response in Opposition to Defendant's Motion to Dismiss the First Amended Complaint (the "Response"), Lee attempts to distract this Court's attention from the dispositive issues by arguing that an Order entered by the Superior Court of Forsyth County on January 29, 2013 (the "Forsyth Order") in connection with a reformation action brought by the Trust to reform a scrivener's error in the legal description of the property "logically" renders the recorded Assignment (the "Assignment") of his Security Deed to the Trust void.  Lee's contention has no merit.  Contrary to Lee's assertions, nothing in the Forsyth Order declares the Assignment void.  In fact, the Assignment is not mentioned anywhere in the entire Forsyth Order.   On the other hand, however, a 2009 wrongful foreclosure  lawsuit brought by Lee against the Trustee and the prior loan servicer, is significant, because it evidences a prior attempt by Lee to challenge the Assignment.  Because the 2009 Lawsuit was settled and dismissed with prejudice, Lee is estopped from attempting to raise the same challenges to the Assignment now in the instant action.

Additionally, Lee's Response does not sufficiently address or otherwise cure the deficiencies  of his pleading concerning Ocwen's status as a "debt collector" under the FDCPA.  Nor does Lee provide any authority to support his contention that he is not subject to the fees or collection charges allegedly imposed as noted in

2

the July 2013 Letter.  Lee has no viable FDCPA claim against Ocwen, as shown below.  Because Ocwen is not adequately alleged to be a "debt collector" under the FDCPA, because the Trust is the true "creditor" of Plaintiff's debt, and because the collection charges itemized in the July 2013 letter from Ocwen are authorized, this action must be dismissed.

## ADDITIONAL FACTUAL BACKGROUND

As detailed in Ocwen's Motion to Dismiss [Dkt. 9], Lee obtained a mortgage loan on March 12, 2004 from Accredited.  The loan was subsequently assigned and transferred to the Trust, as reflected by the Assignment attached to Plaintiff's First Amended Complaint ("FAC") as Exhibit B.   (Dkt. 8-2.)

On November 17, 2009, Lee filed a wrongful foreclosure action in the Superior Court of Forsyth County against U.S. Bank, as Trustee for MASTR 2004-HE1 ("Trustee") and prior loan servicer, JP Morgan Chase Bank, N.A. ("Chase"), Civil Action No. 09cv3171 (the "2009 Lawsuit").  In his Complaint in that action, Lee challenges the validity of the Assignment, alleging, among other things, that Chase and Trustee had no legal right to foreclose on the Subject Property because the Assignment was void.   (*See* Compl. in 2009 Lawsuit at Ex. A, pp. 7-9, 12-15.) The 2009 Lawsuit was ultimately settled, and Plaintiff dismissed the action with

prejudice.[1]   (*See* Dismissal with Prejudice at Ex. B.)  As part of the settlement, the parties entered into a Loan Modification Agreement, and Trustee also filed a separate action to set aside the foreclosure sale and reform the Warranty Deed and Security Deed to reflect the complete legal description of the subject property.[2]  In connection with this Reformation Action, the Superior Court of Forsyth County entered an Order granting Trustee's requested relief to set aside the foreclosure sale, reform the legal description in the Warranty Deed and Security Deed, and reinstate all prior liens on the Subject Property, including the subject Security Deed.  (*See* Dkt. 11-1.)

On October 28, 2013, ten months after the Forsyth Order was entered, Lee moved to set aside the Order, despite the fact that his former counsel had signed a

---

[1] The Settlement Agreement contains a confidentiality clause.  While the Settlement Agreement is admissible, Ocwen is filing it under seal out of an abundance of caution.  *See Westchester Ins. Specialty Serv. Inc. v. U.S. Fire Ins. Co.,* 119 F.3d 1505, 1512-13 (11th Cir. 1997) (holding that Settlement Agreement was appropriately considered when offered for the purpose of resolving a factual dispute about the meaning of settlement agreement terms).

[2] While the 2009 Lawsuit was pending, it was discovered that there was a scrivener's error in Lee's Warranty Deed that resulted in Trustee filing a separate action to set aside the prior August 4, 2009, foreclosure sale of the subject property and reform the legal description found not only in the Warranty Deed but also the Security Deed.  *See U.S. Bank, N.A., as Trustee for MASTR 2004-HE1 Trust v. Daniel Lee, et al.,* Civil Action No. 10cv1957, In the Superior Court of Forsyth County, Georgia (the "Reformation Action").

Notice of No Opposition.  The request was not granted.  Faced with foreclosure proceedings once again, Lee then filed a *pro se* Chapter 7 Petition for Bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Civil Action No. 13-23334.  The only creditor Lee identified in his Bankruptcy Petition was Trustee.  (*See* Dkt. 6-4.)  On December 27, 2013, the Bankruptcy Court dismissed Lee's Chapter 7 case for his failure to file certain required documents. Less than three weeks later, Lee then filed the instant lawsuit alleging FDCPA violations against Ocwen.  The primary basis of Lee's FDCPA claims arises out of allegations that the Assignment to Trustee is invalid.   Because of his prior actions, however, Lee is estopped from challenging the Assignment.  Moreover, Lee has not stated and cannot state a claim for relief against Ocwen.  Therefore, this lawsuit must be dismissed with prejudice.

## ARGUMENT AND CITATION TO AUTHORITY

### I.   LEE'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

In considering the preclusive effect of an Order rendered by a Georgia Superior Court, this Court must apply Georgia law.  *See Community State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011).

> Under Georgia law, a party relying on collateral estoppel must demonstrate that (1) an identical issue, between the identical parties (or their privies), (2) was actually litigated and (3) necessarily

5

decided, (4) on the merits in a final judgment, (5) by a court of competent jurisdiction.

*Mendelson v. Southeast Mortg. of Ga, Inc.*, 2012 WL 3582630, Case No. 1:11-cv-03155-TWT-GGB, *5 (N.D. Ga. July 26, 2012) (not reported) (citing *Strong*, 651 F.3d at 1263).   All five conditions are met in this case.   Therefore, collateral estoppel applies, and Lee cannot challenge the validity of the Assignment.

### A.  Identical Issues Between Identical Parties or Their Privies

In the 2009 Lawsuit, Lee challenged the validity of the Assignment.   (See Ex. A, pp. 7-9, 12-15.)  Likewise, in the instant case, Lee attempts to challenge the validity of the Assignment.  (*See* Dkt. 8.)  Thus, there can be no question that the validity of the Assignment was raised as an issue in both cases.

Similarly, the 2009 Lawsuit was filed by Lee against Trustee and Chase. Chase was the prior servicing agent of Lee's loan and is Ocwen's predecessor-in-interest.   Additionally, Ocwen, in its capacity as servicing agent, is in privity with Trustee.   Consequently, this prong of the collateral estoppel analysis is satisfied because the parties in this case were either parties in the 2009 Lawsuit or are in privity with the parties in the 2009 Lawsuit.

### B.  Actually Litigated

A plaintiff must have been given a full and fair opportunity to litigate the issues in question in his prior case before the state court judgment can be given preclusive effect.  *Fowler v. Vineyard*, 261 Ga. 454, 458, 405 S.E.2d 678, 682 (1991).  Here, Lee filed his wrongful foreclosure lawsuit on November 17, 2009.  Along with his complaint, he filed a Motion and Brief for Emergency Injunctive Relief to Stay Dispossessory and/or Eviction Actions.  On December 4, 2009, after a hearing, the Court granted a Temporary Restraining Order and Rule Nisi.  The hearing on the request for interlocutory injunctive relief was scheduled for December 21, 2009, but subsequently continued at the request of the parties no less than six times.  The parties finally settled the action and Lee dismissed the action with prejudice on January 3, 2011.  Lee, therefore, had more than ample time to litigate the issue of the Assignment's validity.  *See Grant v. Franklin*, 244 Ga. App. 370, 371, 534 S.E.2d 584, 585 (2000) (explaining that litigants were provided "a full and fair opportunity to litigate the issues," even though the case was dismissed *with prejudice* prior to trial).

### C.  Necessarily Decided

Because the issue of the Assignment's validity was central to Plaintiff's claims in the 2009 Lawsuit, it was equally essential to the Settlement and dismissal

7

with prejudice of that action.  As such, the validity of the Assignment necessarily had to be decided in the 2009 Lawsuit, and collateral estoppel applies to Plaintiff's purported challenge of the Assignment's validity in this case.  *See City of Demorest v. Roberts & Dunahoo Props., LLC*, 288 Ga. App. 708, 713 (2007) ("Collateral Estoppel also bars those issues that necessarily had to be decided in order for the previous judgment to have been rendered." ).

### D.  Final Judgment on the Merits

Plaintiff settled the 2009 Lawsuit and filed a Notice of Dismissal with Prejudice.  Under Georgia law, a dismissal with prejudice has the effect of a final adjudication on the merits favorable to a defendant for collateral estoppel purposes. *See Grant*, 244 Ga. App. at 371 (holding a dismissal of a prior action with prejudice acts as an adjudication on the merits for res judicata purposes); *Fowler*, 261 Ga. at 456 (holding that the "voluntary dismissal with prejudice constitutes a judgment on the merits for purposes of res judicata").

Additionally, the Settlement Agreement also bars the instant challenge to the Assignment, as it expresses the parties' desire to fully resolve any and all differences and claims relating to the Subject Property and the Civil Action.  *See Settlement Agreement, to be filed under seal; City of Demorest*, 288 Ga. App. at 712-13 (2007).

### E. Court of Competent Jurisdiction

The Forsyth County Superior Court had jurisdiction to hear Plaintiff's wrongful foreclosure action, and jurisdiction was not contested by the parties in that case. Thus, this prong has been satisfied.

## II. LEE FAILS TO STATE A PLAUSIBLE CLAIM FOR FDCPA VIOLATIONS.

### A. Lee Fails to Allege Sufficient Facts that Ocwen Qualifies as a Debt Collector as Defined by the FDCPA.

Lee asserts that Ocwen is a debt collector because its July 2013 letter states that Ocwen is seeking to collect a debt and because Lee's loan was assigned to Ocwen for servicing when it was already in default. Neither argument prevails.

First, it is not relevant whether Ocwen referred to itself as a debt collector in the letter. "The relevant test is whether [Ocwen] is a debt collector under the statutory definition of the FDCPA, 'not whether [Ocwen] has ever stated in a document that it is a debt collector.'" *See Faulconer v. Mortg. Elec. Registration Sys., Inc.*, 2014 U.S. Dist. LEXIS 18219, Case No. 5:12-CV-246 (MTT), *28 (M.D. Ga. Feb. 13, 2014) (citations omitted). Instead, to plausibly allege that Ocwen is a debt collector, Plaintiff must show that Ocwen "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or . . . regularly collects or attempts

to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  There is an exception to this definition in that a loan servicer generally cannot be a "debt collector,"  unless the loan servicer was assigned the debt when it was in default.  15 U.S.C. § 1692a(6)(F)(iii); *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012); *LaCosta v. McCalla Raymer, LLC*, No. 1:10-cv-1171, 2011 WL 166902, *6 (N.D. Ga. Jan. 18, 2011) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

Although Ocwen cannot use its status as loan servicer as a blanket exemption from being considered a "debt collector," that does not mean that Ocwen is automatically considered a "debt collector."  Instead, Lee must allege sufficient facts to show that Ocwen's principal purpose of business is debt collection or that Ocwen regularly attempts to collect the debts owed to someone else.  *See Faulconer*, 2014 U.S. Dist. LEXIS 18219, *8.  Lee has not met this burden.  Here, Lee merely parrots the language of the FDCPA's definition of a "debt collector," and generally concludes that Ocwen is one, without providing any more specific facts to demonstrate how Ocwen qualifies as a debt collector.  (FAC

at Dkt. 8, ¶¶ 4, 5, 12, 13.)  Such allegations are legal conclusions that the Court cannot consider under Rule 12(b)(6).  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) ("[T]he formulaic recitation of a cause of action's elements will not do….").  Lee also argues in his Response that *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012) somehow squarely addresses his pleading deficiencies relating to Ocwen's status as a "debt collector" under the FDCPA.  But, in fact, the Court in *Bourff* does not specifically discuss the pleading threshold for what constitutes a "debt collector" under the FDCPA; therefore, Lee's reliance is misplaced.

Additionally, *Bourff* is distinguishable on the facts from the case at bar.  Unlike the instant matter, in *Bourff*, the loan was in default when it was assigned to Bank of America.  Here, the Assignment was executed and recorded in 2008, prior to Lee's 2010 default.  (Dkt. 8-2.)  Instead, the allegations of this case are much more akin to *Beckles v. Aldridge Connors, LLC*, or *Anderson v. Deutsche Bank Nat'l Trust Co.*, , where the mere allegations that an entity was a "debt collector" were found to be a recitation of the FDCPA statute and insufficient to sustain a claim for an FDCPA violation.  *Beckles*, 2013 WL 5355481, *5 (explaining that a plaintiff simply stating that stating defendant is a debt collector is a legal conclusion that the Court cannot consider); *Anderson*, 2012 WL 3756512, *4

11

(dismissing FDCPA claim where complaint did "not contain sufficient factual allegations to allow a reasonable inference that Defendants are 'debt collectors' within the meaning of the FDCPA").  Because Lee fails to allege sufficient facts to show that Ocwen is a "debt collector" within the meaning of the FDCPA, he has not stated a plausible claim against Ocwen for violation of the FDCPA and dismissal is proper.

### B.    Ocwen Properly Identified the Creditor in its Letter to Plaintiff.

Lee claims that the Trust cannot be the "creditor" of his loan because the Assignment is void.  Notably, however, Lee has not and cannot cite to any language in the Forsyth Order that actually mentions the Assignment, let alone declares it void.  (Dkt. 11-1.)  Nothing about the Forsyth Order renders the Assignment void or invalid, and Plaintiff's arguments that he has standing to challenge the Assignment are moot.  The correct creditor was identified by Ocwen in the July 2013 Letter and there has been no falsity, deception or misrepresentation.

As to Plaintiff's suggestion that he has standing to challenge the Assignment because could be potentially subject to double liability, this contention is also unfounded.  In *You v. JP Morgan Chase Bank,* the Supreme Court of Georgia

acknowledged the appellants' similar "double liability" concern.  293 Ga. 67, 74,

743 S.E.2d 428, 433 (2013).  The Court then stated that

> the law [does not] necessarily allow [] such a result; our law has long
> held that one who holds a secured note necessarily holds the equitable
> interest in the security itself.  <u>See</u> OCGA §10-3-1 ("[t]he transfer of
> notes secured by a mortgage or otherwise conveys to the transferee
> the benefit of the security").

*Id*.  Likewise, in the instant case, Lee has not articulated any real threat of double

liability, and the law still would not allow for such a result.  His suggestion of such

a circumstance demonstrates he is merely grasping at straws, and it fails to

overcome his lack of standing to challenge the validity of the Assignment at issue.

Moreover, Lee is judicially and collaterally estopped from taking a contrary

position.  Lee has repeatedly and unsuccessfully attempted to raise a challenge to

the Assignment since 2009.  Relabeling his claim in this case as an FDCPA

violation does not allow him to circumvent his prior admissions, settlement, release

or dismissal.  Lee cannot state a plausible claim based on any issues relating to the

Assignment.  Therefore, dismissal of this action is warranted.

### 3.    The Collection Fees Were Authorized.

In his Response, Lee states that Ocwen was not authorized to charge

$12,076.90 in collection fees after being assigned the account 10 days prior to the

July 2013 Letter.  To the extent that Lee is attempting to suggest that these fees

13

accrued over 10 days, Lee is wrong.  The Letter states that the fees are due as of July 8, 2013, and Lee readily admits that he has been in default since September 2010.

Furthermore, Lee's reliance on *Bradley v. Franklin Collection Serv.,* No. 13-12276, (11th Cir. Jan. 2, 2014) is inapposite.  *Bradley* did not involve a case where the fees in question accrued in connection with a mortgage transaction or based upon provisions found in a note or security deed.  *Id.* at *2-3.  Rather, *Bradley* involved the collection of a medical debt where the plaintiff's contractual agreement with the service provider required him to pay actual costs of collection and not a percentage-based fee that he was charged.  *Id.* at *3.  The facts of *Bradley* have no application here.

As discussed in more detail in Ocwen's Motion to Dismiss, the fees are authorized under the terms of Lee's Security Deed.  (*See* Dkt. 9-1, pp. 24-25.) Therefore, Lee's allegations that Ocwen violated Sections 1692e and 1692g(a)(1) of the FDCPA have no merit and must be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth herein, Ocwen respectfully requests that the Court grant this Motion and dismiss this action with prejudice, taxing all costs against Lee and granting Ocwen all relief, in law or in equity, to which it may be justly

entitled.  Lee's request to amend his Complaint, for the second time, should also be denied as futile, as more fully discussed in Ocwen's Response to Plaintiff's Motion for Leave to File a Second Amended Complaint.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 (B) and (C), using 14-point Times New Roman font.

/s/ *Elizabeth J. Campbell*
Elizabeth J. Campbell
Georgia Bar No. 349249

Dated: May 19, 2014.

LOCKE LORD LLP

/s/ *Elizabeth J. Campbell*
Elizabeth J. Campbell
Georgia Bar No. 349249
*ecampbell@lockelord.com*
Samantha L. Tzoberi
Georgia Bar No. 140809
*stzoberi@lockelord.com*
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, Georgia 30305
(404) 870-4600
(404) 806-5679 Facsimile

*Attorneys for Defendant Ocwen
Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT BY DEFENDANT OCWEN LOAN SERVICING, LLC** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record in this action:

Harlan S. Miller, Esq.                     Stephen L. Minsk
Parks, Chesin & Walbert, P.C.              Stephen L. Minsk, Esq.
75 14th Street, 26th Floor                 P.O. Box 720023
Atlanta, GA 30309                          Atlanta, GA 30328

*Attorney for Plaintiffs*                    *Attorney for Plaintiffs*


                                           /s/ *Elizabeth J. Campbell*
                                           Elizabeth J. Campbell
                                           Georgia Bar No. 349249

                                           *One of the Attorneys for Defendant*
                                           *Ocwen Loan Servicing, LLC*