IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL LEE and ALL OTHERS
SIMILARLY SITUATED,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

CIVIL ACTION NO.
1:14-CV-99-TCB-LTW

## MAGISTRATE JUDGE'S NONFINAL ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss and Motion to File Settlement Agreement Under Seal. Docket Entries [6, 16]. For the reasons outlined below, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DEEMED MOOT**. Docket Entry [6]. Additionally, Defendant Ocwen Loan Servicing, LLC's Motion to File Settlement Agreement Under Seal is **GRANTED**. Docket Entry [16].

### DEFENDANT'S MOTION TO DISMISS

Plaintiff Daniel Lee ("Plaintiff") filed the instant lawsuit on January 13, 2014, asserting claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e) and 1692g(a)(2) ("FDCPA"). Plaintiff alleged in his Complaint that Defendant Ocwen Loan Servicing, LLC ("Defendant") failed to identify the creditor of the debt

when attempting to collect a debt in a correspondence dated July 10, 2013. Defendant filed a Motion to Dismiss on February 21, 2014, contending that it was not a debt collector as defined by the FDCPA, that the creditor was properly identified, and that Plaintiff knew the identity of the creditor prior to filing his lawsuit. Docket Entry [6]. Plaintiff amended his Complaint as a matter of right on March 14, 2014, and added more facts in support of his contention that Defendant was a debt collector as defined by the FDCPA and that Defendant did not identify the proper creditor in its July 10, 2013 letter in violation of the FDCPA. Docket Entry [8]. Defendant filed another motion seeking to dismiss Plaintiff's First Amended Complaint. Docket Entry [9]. Just as in the prior Motion to Dismiss, Defendant argued that Plaintiff failed to sufficiently allege that it was a debt collector and that Defendant accurately identified the creditor in its correspondence. (Id.). Because Plaintiff filed an Amended Complaint after Defendant filed its original Motion to Dismiss and because Defendant subsequently filed a Motion to Dismiss Plaintiff's First Amended Complaint raising substantially the same grounds, Defendant's original Motion to Dismiss should be **DEEMED MOOT**. Docket Entry [6].

## DEFENDANT'S MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL

Also before the Court is Defendant's Motion to File Settlement Agreement Under Seal. Docket Entry [16]. In Defendant's Motion, Defendant contends that the Court should permit it to file under seal a 2010 Settlement Agreement between U.S. Bank

2

National Association, as Trustee for Master Asset Back Securities Trust 2004-HE1, Mortgage Pass-Through Certificates, Series 2004 HE-1 and JP Morgan Chase Bank NA, which Defendant is relying upon in support of its Motion to dismiss Plaintiff's First Amended Complaint. Plaintiff has not opposed Defendant's Motion. Although there is a common law right of access to judicial proceedings, the right of access is not absolute, and may be overcome by a showing of good cause. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). Determining whether there is good cause to seal a document requires balancing the right of access against the interest in keeping the information confidential. Romero, 480 F.3d at 1246. Courts have found that a company's interest in keeping the terms of confidential agreements private often outweigh the interest in public access. See Siemens Indus., Inc. v. SIPCO, LLC, No. 1:10-CV-2478-JEC, 2012 WL 5334186, at *8 (Oct. 26, 2012); Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010); Vista India, Inc. v. Raaga, LLC, No. 07-1262 (HAA), 2008 WL 834399, at *3 (D.N.J. Mar. 27, 2008). This Court agrees with Defendant that in this case, there is good cause to grant the Motion to File Settlement Agreement Under Seal because the parties to the settlement agreement did agree to keep it confidential and there is a strong societal interest in giving the parties the opportunity to settle their disputes in private. (Docket Entry [16-3], p. 6). Furthermore, society's interest in public access is not particularly strong here because the specifics of the settlement agreement, for the most part, are not relevant to this case. Accordingly, Defendant's Motion is **GRANTED**.

AO 72A (Rev.8/82)

Docket Entry [16].

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendants' Motion to Dismiss be **DEEMED MOOT**. Docket Entry [6]. Additionally, Defendant Ocwen Loan Servicing, LLC's Motion to File Settlement Agreement Under Seal is **GRANTED**. Docket Entry [16].

**SO ORDERED AND REPORTED AND RECOMMENDED** this 17 day of June, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev.8/82)